GEORGE S. KIDDER, Appellant, *v.* PORT HENRY IRON ORE COMPANY OF LAKE CHAMPLAIN et al., Respondents.

**Real property — deed — covenant running with the land — action to enforce — complaint must recite alleged facts not the conclusions of pleader.**

A covenant relating to real estate runs with the land when either the liability to perform it, or the right to enforce it, passes to the assignee of the land, but a covenant does not run with the land unless it is of such a nature as to bind, not merely the parties thereto, but their grantees or successors in interest.

In an action wherein it is sought to enforce a covenant to carry a freight car free of charge to and from the plaintiff's premises, as a covenant running with the land and binding upon the assigns of the parties thereto, the complaint did not contain the exact language of the covenant or have attached thereto the instrument in which it was contained, but alleged the pleader's views of what the covenant contained in his own language and his conclusions as to its effect. Upon demurrer to the complaint it was held that in order to arrive at the true intent and meaning of such a covenant it is necessary for the court to have before it the accurate and precise language of the covenant; that as this did not appear in the pleading, the court was unable to determine the rights of the parties and the demurrer was sustained.

*Kidder* v. *Port Henry Iron Ore Co.*, 142 App. Div. 920, affirmed.

(Argued March 16, 1911; decided April 7, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department,

entered January 17, 1911, which affirmed an interlocutory judgment of the court at a Trial Term sustaining a demurrer to the complaint.

The defendant railroad company owns and operates a railroad from a point in the village of Port Henry, near Lake Champlain, to the mines of the defendant ore company at Mineville, in the town of Moriah. The plaintiff is engaged in the business of dealing in grain at a point along the defendant railroad company's right of way, where he owns a parcel of ground abutting on such right of way, with suitable buildings thereon for the carrying on of such grain business. Between such buildings and the main track the defendant railroad company operates a switch track. The action is brought to compel specific performance of an agreement or covenant by which the ore company, the predecessor of the defendant railroad company, agreed, in consideration of the grant by the predecessor in title of the plaintiff of a strip of land for the railroad right of way, to carry free of charge one carload of grain per day from the lake to the lands of the plaintiff, and to take back the empty car.

In the complaint it is alleged that on May 27th, 1868, Edward Collins and Le Roy Collins owned a tract of land in the town of Moriah, which included the premises owned by the plaintiff; that they then conducted a grain business thereon; that on that day they granted and conveyed to the ore company from the land so owned by them a strip of land 4 rods in width by 711 feet in length, to be used for the purpose of constructing and maintaining thereon a railroad, and that said strip of land abuts upon the land now owned by the plaintiff. "That in consideration of such grant and conveyance, the defendant Ore Company covenanted and agreed, by a covenant under seal, with its said grantors, to allow one car per day loaded with grain (which car was to be furnished and loaded by the grantors, and to be in charge of a brakeman furnished by the grantors if required), to be attached to any train going up from said lake upon said railroad and to draw the same upon and by its trains upon the railroad afore-

said, using the land so granted as aforesaid to the aforesaid lands of the plaintiff, free of charge, and to draw the empty car back to the lake free of charge; that said covenant was so entered into for the benefit of the premises aforesaid, now owned by plaintiff, and to render them more valuable and useful as a place for conducting the said business of dealing in grain  *  *  *  and the covenant aforesaid is a covenant running with the land as to the plaintiff's premises," and was so understood by the parties.

It is then alleged that soon after the said grant, the defendant railroad company built its road over the strip of land granted and complied with the covenant as to hauling carloads of grain free of charge until September 1, 1907, and that the defendant railroad company is now the owner of the lands granted; that the plaintiff acquired title to the premises through mesne conveyances, but not the whole of the premises owned by the Collins; that the plaintiff has acquired by mesne conveyances all the right and title to the benefit of the covenant, and is entitled to demand and receive the performance thereof; that he has fully performed on his part, but that since September 1, 1907, the defendants have ceased performance. It is further alleged that the plaintiff has been damaged in consequence thereof in the sum of $1,074.50, and will be forced to expend large sums in the future unless performance of the covenant is, compelled on the part of the defendants. Judgment is asked for that sum and for specific performance.

A demurrer to the complaint was interposed by the defendants upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained at the Special Term and the Appellate Division, the latter court allowing an appeal to this court and certifying for determination two separate questions, whether the complaint states facts sufficient to constitute a cause of action against each defendant.

*Berne A. Pyrke* and *Fred W. Dudley* for appellant.

*Edward T. Stokes* for respondents.

WERNER, J.  It is horn-book learning that a covenant relating to real estate does not run with the land unless it is of such a nature as to bind, not merely the parties thereto, but their grantees or successors in interest.  A covenant is said to run with the land when either the liability to perform it, or the right to enforce it, passes to the assignee of the land.  The question before us is not whether the plaintiff is the present owner of lands which are in fact benefited by such a covenant, but whether he has succeeded in framing a complaint which alleges such a covenant.  The demurrer interposed by the defendants admits the facts which are set forth in the complaint, but does not admit the conclusions of the pleader.  Tested by these simple elementary rules the complaint is obviously insufficient.  Instead of setting forth the instrument containing the covenant, or pleading the covenant itself *in hæc verba*, the complaint apparently alleges the conclusions of its framer as to the nature and effect of the covenant.  The allegation of the complaint is " the defendant * * * covenanted and agreed, by a covenant under seal, with its * * * grantors, to *allow one carload per day loaded with grain (which car was to be furnished and loaded by the grantors, and to be in charge of a brakeman furnished by the grantors if required) to be attached to any train* going up from said lake upon said railroad, and to draw the same upon and by its trains upon the railroad aforesaid, using the lands so granted as aforesaid to the aforesaid lands of the plaintiff free of charge, and to draw the empty car back to the lake free of charge ; that said covenant was entered into for the benefit of the premises aforesaid, now owned by the plaintiff, and to render them more valuable and useful as a place for conducting the said business of dealing in grain, ground or unground, and the performance thereof is of great value and practically necessary to the said premises and the successful and profitable conduct of the said business upon the same, and the covenant aforesaid is a covenant running with the land as to the plaintiff's premises aforesaid, and was by the parties thereto understood and intended to be a cove-

nant running with the land, when entered into and ever since."

The only covenant alleged by the plaintiff is contained in the foregoing excerpt from the complaint. Where does the covenant begin and end? What portions of this quoted paragraph of the complaint set forth the words of the covenant and what part the language of the pleader? Suppose that it is possible to segregate from the rest of the paragraph that part which appears to contain the covenant, what is there to indicate that the pleader has not construed the covenant instead of quoting it? The manner in which the alleged covenant is referred to in connection with the context of the second paragraph of the complaint would seem to warrant the conclusion that the pleader has presented his idea of its effect and not a literal transposition of its terms. That this is not a fanciful or technical criticism of the complaint becomes evident when we compare its allegations with those of a former complaint which was held bad on demurrer. In the first complaint the allegation was that the defendant ore company had agreed " to draw upon any train on the railroad aforesaid, one car loaded with grain," etc. In the second complaint the allegation is that the ore company agreed " to allow one car per day loaded with grain to be attached to any train," etc. This agreement is alleged to have been made with the grantor. Whether it is a covenant at all, and if it is, whether it is a covenant which runs with the land so as to bind the assigns of the grantee for the benefit of the assigns of the grantor, must depend upon the accurate and precise language of the instrument in which the so-called covenant is contained. That instrument is not a part of the complaint. Without it no court should be called upon to determine the rights of the parties. The courts, no less than the defendants, are entitled to know just what the plaintiff has the right to claim. The complaint in its present form is not sufficient in that regard. In this view of the case it would be an idle ceremony to discuss the authorities which have been cited for our consideration by counsel for the respective parties.

The order of the Appellate Division should be affirmed and the demurrer sustained, with costs to the respondents, with the usual leave to the plaintiff to plead over upon payment of costs. Both of the questions certified to us should be answered in the negative.

CULLEN, Ch. J., VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; HAIGHT, J., absent.

Order affirmed, etc.